IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GENE NOLEN, JR.,<br><br>                    Petitioner,<br><br>          vs.<br><br>F. FOULK, Warden, High Desert State Prison,<br><br>                    Respondent. | No. 2:14-cv-02337-JKS<br><br>MEMORANDUM DECISION |

Ricky Gene Nolen, Jr., a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Nolen is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at High Desert State Prison. Respondent has answered, and Nolen has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On May 30, 2012, Nolen and his co-defendant, Rebecca Bochantin, were charged with attempted murder (count 1); residential burglary (count 2); kidnapping (count 3); assault with a deadly weapon (count 4); kidnap for robbery (count 5); and carjacking (count 6). All counts alleged personal use of a deadly weapon, and all but count 3 alleged personal infliction of great bodily injury. All counts also alleged that Nolen had a prior residential burglary conviction, which qualified as a prior serious felony and for which he had served a prior prison term within 5 years. On direct appeal of his conviction, the California Court of Appeal described the following events underlying the charges against Nolen:

> At approximately 3:30 a.m. on May 4, 2012, [Nolen] and Becky Bochantin, high on methamphetamine, entered [William Quinn] Adamson's unlocked mobile home where he was asleep and [Nolen] asked that Adamson take them for a ride. When Adamson

refused because of his night blindness, [Nolen], who was armed with a knife, demanded that they go. Feeling cornered and threatened, Adamson complied. Adamson, [Nolen], and Bochantin got into Adamson's van with Adamson driving. When Adamson asked where they wanted to go, [Nolen] responded: "Just drive."

While Adamson was driving, [Nolen] asked for his wallet. When Adamson responded that he had just a "couple dollars," [Nolen] told him to drive to Adamson's bank. When Adamson revealed that he had almost no money in the bank, [Nolen] directed him onto the freeway. On the freeway, Adamson attempted to speed past a semi-truck, and [Nolen] threatened to cut Adamson's throat. Then [Nolen] directed Adamson to drive into a rest area outside of Corning. Adamson attempted to hit the tail end of a semi-truck in the rest area in an effort "to try to stop this whole problem." Bochantin grabbed Adamson from behind, and [Nolen] grabbed the steering wheel and turned the van to the left, avoiding the semi-truck. Fearing for his life, Adamson put the van into park and opened the door to escape.

[Nolen] stabbed Adamson in the right hand, the shoulder, and in the back of his right shoulder blade as Adamson tried to get out of the van. Adamson escaped and [Nolen] pursued him until Bochantin yelled at [Nolen] to "get back in the van." [Nolen] drove away in the van, which he eventually abandoned in Chico. Adamson was able to find a truck driver who called the police, and emergency responders took him to the hospital, where he was treated and released.

*People v. Nolen*, No. C073379, 2014 WL 1679745, at *1-2 (Cal. Ct. App. Apr. 29, 2014).

On January 9, 2013, Nolen and Bochantin proceeded to jury trial. During trial, Nolen admitted the prior serious felony conviction, strike, and prison term allegations. At the conclusion of trial, the jury found Nolen guilty of kidnapping, assault with a deadly weapon, and carjacking (counts 3, 4, and 6). While the jury found Nolen not guilty of kidnap for robbery (count 5), it convicted him of that charge's lesser included offense of attempted robbery. Nolen was also acquitted of attempted murder and residential burglary. The jury found true, however, the personal weapon use allegations tied to each of the convictions.[1]

At sentencing, defense counsel argued that the trial court should strike Nolen's prior conviction pursuant to *People v. Superior Court (Romero)*, 917 P.2d 628

---

[1] Co-defendant Bochantin was found guilty of assault with a deadly weapon (count 4), but not guilty of all other counts.

2

(Cal. 1996). Counsel argued that Nolen's infractions stemmed from his drug addiction, and he thus fell outside the spirit of California's Three Strikes scheme.[2] The trial court denied the request, stating:

> The Court has read and reviewed the motions and the response to the motion. This Court heard the trial in this case. I have considered the Probation Report. I have considered the facts of the case.
> I have considered [Nolen's] priors. [Nolen] has numerous violations of parole since the time he committed the strike. He did not remain free of criminal violations after his strike. . . There is an intervening felony that occurred in 2009 . . . . There were crimes of violence after the strike was committed . . . .
> The Court finds [Nolen] does fall within the spirit of the Three Strikes law. I have considered the nature and circumstances of the present felonies as well. These were serious offenses. I have considered the background of [Nolen] as represented in the Probation Report, his character and prospects. And the Court is denying the *Romero* motion, and will not be striking the prior strike.

The trial court thereafter sentenced Nolen to an aggregate prison term of 23 years and 8 months, which included 18 years' imprisonment for the carjacking charge as well as consecutive imprisonment terms of 2 years and 44 months, respectively, for the assault and kidnapping charges.

Through counsel, Nolen appealed his conviction, arguing that the trial court: 1) erred in failing to apply California Penal Code § 654[3] to stay his sentences for kidnapping and assault;

---

[2]   *See* CAL. PENAL CODE §§ 667(a)(1) & (b)-(I), 1170.12(a)-(d).

[3]   Section 654(a) provides:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under one bars a prosecution for the same act or omission under any other.

CAL. PENAL CODE § 654(a).

3

and 2) abused its discretion when it declined to strike Nolen's prior conviction.  On April 29, 2014, the California Court of Appeal issued an unpublished reasoned opinion ordering the correction of two clerical errors in the abstract of judgment but otherwise rejecting Nolen's claims and affirming his judgment in its entirety.  *Nolen*, 2014 WL 1679745, at \*5.  Nolen petitioned the California Supreme Court for review, which was summarily denied on July 16, 2014.

Nolen timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on September 30, 2014.

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Nolen raises the two grounds for relief he unsuccessfully brought before the state courts.  First, he argues that the trial court erred when it failed to stay his sentences for kidnapping and assault pursuant to Penal Code § 654.  He additionally contends that the trial court improperly declined to strike his prior conviction.

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).  A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that

are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). Here, the only decision on

Simmons' collateral review claims was a summary denial by the California Supreme Court on habeas review, which is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

Ground One:		Sentencing Error

Nolen first argues that the trial court erred when it failed to stay sentencing or impose concurrent terms on his assault and kidnapping convictions in light of the robbery conviction. On direct appeal of his conviction, Nolen raised this claim, alleging that "he 'harbored but one objective' in committing the carjacking, kidnapping, and robbery—'to obtain money and a ride out of Corning from Adamson.'" *Nolen*, 2014 WL 1679745, at *3. Relying on state case law and statutory law, the appellate court rejected his claim, concluding there was ample support for the trial court's implicit findings of separate objectives and intents for the robbery, assault, and kidnapping convictions and that there was substantial evidence to support the trial court's imposition of consecutive rather than concurrent sentences. *Id*. at *3-4.

The thrust of Nolen's claim is that the trial court improperly imposed his sentence in violation of Penal Code § 654. The essence of this argument is that the state appellate court's interpretation of California sentencing law in the sentence determination is incorrect, but this Court is bound by the state court's interpretation of California state law. *See Bradshaw*, 546 U.S. at 76. A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

And even if this Court were to construe Nolen's Petition liberally to assert a federal constitutional claim, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Nolen fares no better when analyzing his claim as an alleged violation of the federal double jeopardy protections.  The Double Jeopardy Clause of the Constitution provides that no person shall "be subject for the same offen[s]e to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.  The clause is enforced against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969).  The Supreme Court has previously held that this clause protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense.  *Monge v. California*, 524 U.S. 721, 727-28 (1998) (citing *N. Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . ."  *Brown v. Ohio*, 432 U.S. 161, 166 (1977) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."  *Id.* at 166 (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)).  In this case, Nolen was convicted under state law of separate, distinct criminal acts—robbery, assault, and kidnapping.  The offenses require under state law proof of distinct elements to support convictions.  Thus, the convictions do not violate the "same elements" test of *Blockburger*, 284 U.S. at 304, and Nolen is not entitled to relief on that ground either.

7

Ground Two:        Denial of *Romero* Motion

Nolen additionally contends that "[t]he trial court abused its discretion in failing to dismiss [his] prior strike pursuant to Penal Code section 1385." Under § 1385, a California court may dismiss a defendant's "strike" conviction for purposes of sentencing under the state's Three Strikes law; such dismissal is referred to as a "*Romero*" motion based on the state supreme court's decision in that case. *Romero*, 917 P.2d at 632.

As an initial matter, in denying relief on direct appeal, the Court of Appeal noted that Nolen did not raise his arguments in the trial court. Because the state appellate court found Nolen's claim forfeited under California's contemporaneous objection rule, the claim is procedurally defaulted from federal habeas review. *Coleman*, 501 U.S. at 729-30 (a federal court will not review a claim if the state court's rejection of the claim rests on a state law ground that is independent of the federal question and adequate to support the judgment). The Ninth Circuit has repeatedly recognized and applied the California contemporaneous objection rule in affirming denial of a federal habeas petition on grounds of procedural default where there was a complete failure to object at trial. *See, e.g.*, *Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005); *Paulino v. Castro*, 371 F.3d 1083, 1092-93 (9th Cir. 2004).

And even if the claim were not procedurally defaulted, Nolen would not be entitled to relief on it. The thrust of this claim is that the trial court erroneously failed to exercise its discretion to strike one of his prior serious felony convictions when imposing his sentence. Like Nolen's sentencing claim, however, such claim presents only a state law sentencing error that is not cognizable on federal habeas review. *See Souch v. Schiavo*, 289 F.3d 616 (9th Cir.2002) (claim challenging state court's discretionary decision concerning application of state sentencing

8

law presented only state law issues and thus was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254); *see also Swarthout*, 131 S. Ct. at 863; *Estelle*, 502 U.S. at 67-68. Although the Ninth Circuit has suggested that an abuse of discretion may also amount to a constitutional violation, *see Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc), the Supreme Court has never held that abuse of discretion is an appropriate basis for granting federal habeas relief.[4] Indeed, quite to the contrary, the Supreme Court has strongly suggested that, while abuse of discretion is an appropriate standard on direct review, in a federal habeas proceeding it is not. *Renico v. Lett*, 559 U.S. 766, 772-73 (2010) ("It is not even whether it was an abuse of discretion for her to have done so–the applicable standard on direct review. The question under AEDPA is instead whether the determination of the Michigan Supreme Court that there was no abuse of discretion was "an unreasonable application of . . . clearly established Federal law." (quoting § 2254(d)(1))).

Even assuming that Nolen is correct that the trial court misapplied California law when denying his motion, absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not warrant habeas relief. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *see also Miller v. Vasquez*, 868 F.2d 1116 (9th Cir. 1989) (declining to examine state court's determination that habeas petitioner's prior conviction was for a "serious felony" under state sentencing regime). Federal courts are "bound by a state court's construction of its

---

[4] At one time, the Ninth Circuit viewed a state court ruling to be "objectively unreasonable" if it amounted to a clear error. *Van Tran v. Lindsey*, 212 F.3d 1143, 1152-54 (9th Cir. 2000). This is the test the Ninth Circuit uses in reviewing a trial court decision under the abuse of discretion standard. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). The Supreme Court noted *Van Tran's* statement of the test and expressly rejected it as inappropriate under the AEDPA. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (clear error standard is insufficiently deferential to state courts).

own penal statutes," *Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993), and this Court therefore must defer to the California courts' application of the state's three strikes law unless that interpretation is "untenable or amounts to a subterfuge to avoid federal habeas review of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989). Nolen does not allege that the state court's application of the Three Strikes law was either untenable or done to avoid federal review of his sentence. Nor has Nolen shown that the trial court's *Romero* decision was arbitrary, capricious, or fundamentally unfair in violation of federal due process. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Moreover, even construing Nolen's claim that the denial of his *Romero* motion resulted in a grossly disproportionate sentence to raise a federal claim of cruel and unusual punishment does not warrant relief here. The Eighth Amendment, applicable to the States through the Fourteenth Amendment, proscribes the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII; *Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008). In determining whether to infer gross disproportionality, a federal court should examine whether a petitioner's sentence is justified by the gravity of his triggering offense and his criminal history, a process similar to the three-pronged approach employed by California state courts. *See Ramirez v. Castro*, 365 F.3d 755, 768 (9th Cir. 2004). While the contours of the "gross disproportionality principle" have been called "unclear," the principle is applicable only in the "exceedingly rare" and "extreme" case. *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *see also Rummel v. Estelle*, 445 U.S. 263, 272 (1980) ("Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.").

Nolen cannot demonstrate that his is one of the exceedingly rare cases in which the sentence imposed raises an inference of gross disproportionality when compared to the crime committed. As the Court of Appeal noted, "[Nolen's] sentence of 23 years eight months is not grossly disproportionate considering his extensive criminal history and his use of a deadly weapon, resulting in considerable injury to his victim, to commit the current crimes." *Nolen*, 2014 WL 1679745, at *5; *see, e.g.*, *Andrade*, 538 U.S. at 72-77 (holding sentence of 50 years to life for $150 petty theft was not cruel and unusual punishment under the gross disproportionality test); *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (rejecting Eighth Amendment challenge to mandatory life term without possibility of parole for possession of 672 grams of cocaine by defendant who had no prior felony convictions); *see also Plascencia v. Alameida*, 467 F.3d 1190, 1204 (9th Cir. 2006) (holding consecutive 25-year-to-life sentence for gun enhancement for using a firearm in the commission of a murder was not cruel and unusual punishment). Accordingly, Nolen is not entitled to relief on this claim in any event.

## V. CONCLUSION AND ORDER

Nolen is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: January 13, 2016.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
